UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                          :
CHARLES LITTLE,                         :

                    Petitioner,              :        21 Civ. 4792 (JPC) (JW)

       -v-                               :        <u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>
SUPERINTENDENT TYNON,        :

                  Respondent.          :
------------------------------------------------------------------------ X

JOHN P. CRONAN, United States District Judge:

      On May 27, 2021, Petitioner Charles Little filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in New York Supreme Court, Bronx County, for first degree robbery. *See generally* Dkt. 2 ("Petition"). This case was referred to the Honorable Kevin Nathaniel Fox on July 22, 2021, July 22, 2021 Minute Entry, and then to the Honorable Jennifer E. Willis on February 1, 2022, Feb. 1, 2022 Minute Entry. Little presented four grounds for habeas relief in his petition: first, he was denied the right to self-representation; second, he was received ineffective assistance of counsel based on his trial counsel's failure to consult an eyewitness identification expert; third, he was denied the right to a hearing in state court to assess the reliability of his actual innocence claim; and fourth, he is actually innocent. Petition at 3-8.

      On January 27, 2023, Judge Willis issued a Report and Recommendation recommending that the petition be denied in its entirety. Dkt. 24 ("Report and Recommendation") at 18. Judge Willis concluded that Little had exhausted his state remedies for the first three grounds asserted in his petition. *Id.* at 12-13. Judge Willis determined, however, that the New York Appellate

Division, First Department, had not been unreasonable in determining that Little was not denied the right to self-representation, given that Little had abandoned any request to represent himself. *Id.* at 14.  Judge Willis further concluded that the state court had not unreasonably determined that Little's counsel's conduct satisfied an objective standard of reasonableness, and that the Appellate Division correctly denied Little's motion for an actual innocence hearing given the evidence that he proffered.  *Id.* at 15-16.  Finally, Judge Willis determined that, assuming *arguendo* that a freestanding claim of actual innocence exists under federal law, Little did not make a sufficient showing of innocence, noting the "compelling circumstantial evidence" of his guilt.  *Id.* at 17 (internal quotation marks omitted).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation.  28 U.S.C. § 636(b)(1)(C).  If a party submits a timely objection to any part of the magistrate judge's disposition, the district court conducts a *de novo* review of the contested section.  Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  If no objections are made, the court reviews the Report and Recommendation for clear error.  *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Report and Recommendation, citing both Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object.  Report and Recommendation at 18-19.  No objections have been filed and the time for making any objections has passed.[1]  The parties

---

[1] The docket reflects that the Report and Recommendation was promptly mailed to Little, Jan. 30, 2023 Minute Entry, but that the mail was returned to sender, Feb. 9, 2022 Minute Entry.  It appears that this most likely occurred because Little's listed address on the docket was his

have therefore waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

Notwithstanding this waiver, the Court has conducted a *de novo* review of the Report and Recommendation and finds it to be well reasoned and its conclusions well founded. Accordingly, the Court adopts the Report and Recommendation in its entirety. Little's petition for a writ of habeas corpus is denied. Because Little has not made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue. The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

Dated: June 30, 2023
New York, New York

_____
JOHN P. CRONAN
United States District Judge

---

address during incarceration, from which he was released in April 2022. *See* Report and Recommendation at 1 n.1. Little did not update his address following that release, despite the fact that it was his responsibility to do so. *See, e.g.*, *Brown v. Smith*, No. 13 Civ. 4694 (AT), 2014 WL 5040908, at *2 (S.D.N.Y. Sept. 30, 2014) (collecting cases). Regardless, had Little received the Report and Recommendation and filed an objection, the Court would have reviewed the objected-to portions of the Report and Recommendation *de novo*, rather than for clear error. In an abundance of caution, the Court has completed a *de novo* review of the entire Report and Recommendation.